IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IRMA RODRIGUEZ, §<br>　　　　Plaintiff, § <br> § <br> v. §    Civil Action No. 3:18-CV-1833-K (BH)<br> § <br> NANCY A. BERRYHILL, Acting § <br> Commissioner of the Social Security § <br> Administration, § <br>　　　　Defendant. §    Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation. Before the Court for recommendation is *Defendant's Opposed Motion to Reverse and Remand*, filed December 26, 2018 (doc. 19). Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

On August 31, 2015, Irma Rodriguez (Plaintiff) applied for disability insurance benefits (DIB) under Title II of the Social Security Act (Act), alleging disability beginning on August 20, 2015. (doc. 13-1 at 173-75.)[1] Her claim was denied initially on October 29, 2015, and upon reconsideration on March 7, 2016. (*Id*. at 86-87.) On March 11, 2016, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (*Id*. at 112.) On January 9, 2017, Plaintiff requested that the ALJ issue a subpoena and interrogatories to her examining physician, Mark E. Cartwright, Ph.D. (*Id*. at 25, 249.) On January 26, 2017, the ALJ issued a subpoena to Dr. Cartwright along

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

with interrogatories for his "review and completion, in lieu of appearance at the scheduled hearing . . . ." (*Id*. at 164, 465-67.)  On February 1, 2017, Plaintiff appeared and testified at a hearing. (*Id*. at 39-76.)  Dr. Cartwright did not appear at the hearing but did send his responses to the interrogatories. (*Id*. at 25, 465-67.)

By written opinion dated April 18, 2017, the ALJ found that Plaintiff had severe impairments including depression and anxiety, but still had the residual functional capacity (RFC) to perform a full range of light work at all exertional levels, but with non-exertional limitations. (*Id*. at 25-34.) The ALJ concluded that based on her age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, and that she was not disabled from the alleged onset date through the date of the decision. (*Id*. at 32-33.)  After a timely appeal, the Appeals Council affirmed the ALJ's decision and denied Plaintiff's request for review, making the ALJ's decision the final decision of the Acting Commissioner of Social Security (Commissioner). (*Id*. at 5.)

On July 16, 2018, Plaintiff filed this action against the Commissioner, seeking reversal of the ALJ's unfavorable disability determination. (*See* doc. 1.)  After filing an answer, but before filing a responsive brief, the Commissioner filed a motion to reverse and remand this case under sentence four of 42 U.S.C. §405(g). (doc. 19.)  Plaintiff does not oppose reversal and remand of this action, but she seeks "an order identifying the regulatory time-frame for issuing and following up with a subpoena request." (doc. 21 at 1-2.)  The Commissioner's motion is now ripe for recommendation.

## II. MOTION TO REMAND

The Commissioner argues that this case should be reversed and remanded for further

administrative proceedings under sentence four of 42 U.S.C. §405(g). (doc. 19.)  Although the Commissioner states that its motion is opposed, Plaintiff's response expressly states that she "does not oppose the reversal and remand."  (doc. 21 at 2.)[2]

The Supreme Court has identified two exclusive methods for remanding social security cases under § 405(g).  *See Shalala v. Shaefer*, 509 U.S. 292, 296–97 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 97–98 (1991).  The first method arises under "[t]he fourth sentence of § 405(g) [that] authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing.'"  *Melkonyan*, 501 U.S. at 98 (citing 42 U.S.C. § 405(g)).  A sentence four remand "requires the district court to enter a decision on the merits before remanding a case to the Commissioner."  *Schriner v. Comm'r, Soc. Sec. Admin.*, No. 3:08-CV-2042-N, 2010 WL 2941120, at *15 (N.D. Tex. June 22, 2010), *adopted by*, 2010 WL 2944782 (N.D. Tex. July 22, 2010) (citing *Melkonyan*, 501 U.S. at 98).

The second method arises under the sixth sentence of § 405(g) and "may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shaefer*, 509 U.S. at 297 (citing § 405(g); *Melkonyan*, 501 U.S. at 99–100).  Under sentence six, "[t]he district court does not . . . rule in any way as to the correctness of the administrative determination.  Rather, the court remands" the case for reconsideration if the "new evidence might have changed the outcome of the [] proceeding."  *Melkonyan*, 501 U.S. at 98; *McKenzie v. Astrue*, 442 F. App'x 161, 162 (5th Cir. 2011). The "[i]mmediate entry of judgment (as opposed to entry of

---

[2] As noted, although Plaintiff does not oppose the reversal and remand of this action, she requests that the Court include language regarding her request to subpoena and cross-examine Dr. Cartwright as part of the judgment.  (doc. 21 at 1-2.)

judgment after post-remand agency proceedings have been completed and their results filed with the court) is the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Chelette v. United States Comm'r of Soc. Sec.*, No. 1:11-CV-1860, 2012 WL 2870842, at *2 (W.D. La. June 12, 2012), *adopted by*, 2012 WL 2873635 (W.D. La. July 12, 2012) (citing *Shaefer*, 509 U.S. at 296–7 and *Istre v. Apfel*, 208 F.3d 517, 520 (5th Cir. 2000)).

Here, both parties agree that this action should be reversed and remanded for further administrative proceedings. (*See* docs. 19; 21.) "The Supreme Court has held that a remand for further administrative proceedings, like the remand requested in the case at bar, is a fourth sentence remand under 42 U.S.C. § 405(g)." *Doskocil v. Berryhill*, No. 3:17-CV-2434-L-BK, 2018 WL 2422049, at *1 (N.D. Tex. Apr. 26, 2018) (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 625–26 (1990)), *adopted by*, 2018 WL 2414986 (N.D. Tex. May 29, 2018). Accordingly, this case should be reversed and remanded for further administrative proceedings under sentence four of § 405(g). *See id.*[3]

### III. RECOMMENDATION

The Commissioner's motion should be **GRANTED**, and this case should be **REVERSED** and **REMANDED** for further administrative proceedings.

**SO RECOMMENDED** on this 4th day of April, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3]As noted, Plaintiff specifically requests that the Court include language "identifying the regulatory time[]frame for issuing and following up with a subpoena request" in the judgment. (doc. 21 at 1-2.) While Plaintiff cites to regulations in support of her request, she provides no case law to support issuance of such a specific order, and she will have the opportunity to pursue her subpoena request on remand. (*See id.*)

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                                     IRMA CARRILLO RAMIREZ
                                                                      UNITED STATES MAGISTRATE JUDGE